STATE of Missouri, Respondent,

v.

Mattie McMULLIN and Samuel
McMullin, Appellants.

Nos. 39979, 39980.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 16, 1979.

Timothy F. Ruddy, Cape Girardeau, for
appellants.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City, Brad-
shaw Smith, Pros. Atty., Cape Girardeau,
for respondent.

CLEMENS, Judge.

A jury found defendants Mattie and
Samuel McMullin guilty of attempting to
obtain $5,009 from the Cape Mutual Insur-
ance Company (hereafter "insurer") by
means of a "confidence game." (Sec. 561.-
450, RSMo.1969). The court sentenced each
defendant to a one-year term of imprison-
ment but placed Mattie McMullin on proba-
tion. Defendants have appealed.

The evidence: The insurer's fire policy
covering defendants' dwelling and contents;
a fire consumed defendants' dwelling sever-
al weeks after they had moved most of
their belongings to their son's garage; non-
combustible remains usually found in such

fires were searched for but not found by the fire department or insurer's investigator; defendants' detailed description of the contents in their house before the fire; defendant's proof of loss and inventory of damaged contents listed some items found in their son's garage; defendants looked for a residence in another town for over two years but were unable to locate a buyer for their home; and while neighbors and firemen were salvaging furniture and extinguishing the flames one defendant watched the fire from a lawn chair in the backyard and several times said, "Let it burn," and, "Why don't they let it burn?"

■ Seeking reversal, defendants contend the court erred in denying their motion for acquittal made at the close of the state's case because the evidence was insufficient to establish the offense. By offering evidence in their own behalf defendants waived any error in denying their prior motion for acquittal. And, by failing to again move for acquittal at the close of all the evidence defendants waived their claim of insufficient evidence. *State v. Brown*, 554 S.W.2d 574 [15–17] (Mo.App.1977). Aside from this, our review of the evidence shows there was no plain error in denying defendant's contention of insufficient evidence.

■ By defendants' remaining point they contest the trial court's denial of their challenge for cause to venireman Suedekum who said she had a long social acquaintance with state's witness Whitler, one of the insurer's officers. The following ensued after defense counsel had asked a series of vague questions and interrupted the venireman's answers:

"MR. RUDDY: What is your answer, Ma'am?

MRS. SUEDEKUM: Well, what was your question?

MR. RUDDY: Now, Mrs. Suedekum, if this gentleman [Mr. Whitler] is called to testify on behalf of the State would you give his testimony more weight? In other words, is he more, more believable, do you think, because you know him and are acquainted with him than that would be the case of a total stranger?

MRS. SUEDEKUM: Well, I don't know how to answer that truthfully. Would, would you take preference to one person over another?

MR. RUDDY: Well, this is my question to you, Ma'am.

MRS. SUEDEKUM: Well, maybe it would, sir."

In denying defendants' challenge for cause the trial court commented: "I thought she answered your question, which was rather poorly worded, that gave the effect to me that she would not, at least to me, that she said it would depend on the circumstances, I think, what she indicated."

■ At most, Mrs. Suedekum's equivocal answer was that she might give Mr. Whitler's testimony more weight than that of a total stranger. The question and answer hardly demonstrate prejudice absent knowledge of just what Mr. Whitler would testify to. Absent a clear showing of a venireman's prejudice, which the record does not show, we will not convict the trial court of abusing its discretion in denying defendant's challenge for cause. *State v. Holliman*, 529 S.W.2d 932 [6, 7]. Further, the record fails to show defendants were prejudiced. Mr. Whitler merely gave unchallenged testimony identifying the defendants' fire insurance policy, an uncontested fact.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.